**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-20547-GAYLES/TORRES**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LAZARO PRAT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROTECTIVE ORDER**

**THIS CAUSE** comes before the Court on the Joint Motion for Privacy Act Protective Order (the "Motion"), [ECF No. 22], by the parties, Plaintiff United States of America and Defendant Lazaro Prat. Having reviewed the Motion, the record and being otherwise fully advised, the Motion is granted.

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of information that is confidential, for official use only, law enforcement sensitive, and/or private, and may warrant special protection. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Order does not confer blanket protection on all disclosures or responses to discovery. Rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2.    CONFIDENTIAL INFORMATION**

"Confidential Information" shall include the following types of information produced or otherwise exchanged:

a.    an individual's social security number, personal identification numbers, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar identifiers assigned to an individual by the federal government, a state or local government within the United States, or any governmental entity within any other country;

b.    birth dates;

c.    any information that is protected or restricted from disclosure by state or federal statute or regulation, but which the Court may order produced, such as information protected by the Privacy Act, 5 U.S.C. § 552a, and other statutes or regulations that may prevent disclosure of specific information related to noncitizens, including but not limited to: 8 U.S.C. §§ 1160(b)(5), (6), 1186A(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5), 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

d.    names of any individuals known to be under 18 years of age;

e.    telephone numbers;

f.    current residential addresses not relevant to the litigation;

g.    any sensitive, but unclassified, information to include limited official use or for official use only information;

       h.       any information compiled for law enforcement purposes, including, but not limited to, investigative files and techniques related to the integrity of the legal immigration system, suspected or known fraud, criminal activity, public safety, or national security, and investigative referrals;

       i.       bank account numbers, credit card numbers, and other financial information that can be specifically linked to an individual's or entity's financial account;

       j.       medical information, such as medical records, medical treatment, and medical diagnoses; and,

       k.       any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2 or CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials.

If a designating party determines that information not described in this paragraph should be designated Confidential Information, the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.  If the parties are unable to resolve the dispute within 14 calendar days, the designating party shall designate the material as containing Confidential Information and produce it.  The receiving party can then challenge the confidentiality designation(s) pursuant to paragraph 6 of this Order. This Order does not consider information that has been made public under the authority of a party, or information that does not permit the identification of the particular individuals to whom the information relates, to be Confidential Information, unless otherwise covered under of the categories identified above.

**3.     SCOPE**

The protections conferred by this Order cover not only those portions of any documents containing Confidential Information (as defined above), but also (1) any information copied or extracted from those portions of any documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony in a deposition, conversations, or presentations by parties or their counsel that might reveal Confidential Information. However, the protections conferred by this Order do not cover information that is properly in the public domain or becomes part of the public domain through trial or otherwise.

**4.     ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

a.     Basic Principles.  A receiving party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Information shall not be disseminated outside the confines of this case, nor shall it be included in any pleading, record, or document that is not filed under seal with the Court or redacted in accordance with this Order or with applicable law. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b.     Disclosure of Confidential Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

(1) Defendant, Defendant's employees to whom disclosure is reasonably necessary for this litigation, and Plaintiff;

(2) Defendant's counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Defendant's counsel, support staff, or other employees cease to represent Defendant in this action for any reason, such counsel shall no longer have access to or be authorized to receive any Confidential Information; Plaintiff's counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know.  If any of Plaintiff's counsel cease to represent Plaintiff in this action for any reason, such counsel shall no longer have access to or be authorized to receive any Confidential Information;

(3) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(4) any other person mutually authorized by both parties' counsel to examine such information;

(5) the Court, court personnel, and court reporters and their staff;

(6) copy or imaging or data processing services retained by counsel to assist in litigation, provided that counsel for the party retaining the copy or imaging or data processing service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information;

  (7) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and,

  (8) the author or recipient of a document containing Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information.

 c. Use of Information Subject To Protective Order. Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this litigation or any other proceeding between the parties, including any appeal arising out of this litigation. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.

 d. Filing Confidential Information. Before filing Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with the designating party (where practical, at least seven days prior to the intended filing date) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal (or stipulation and proposed order) is warranted. Local Civil Rule 5.3(g) sets forth the procedures that must be followed and the

standards that will be applied when a party seeks permission from the Court to file material under seal.

**5.      DESIGNATING PROTECTED MATERIAL**

a.      Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

b.      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of paragraph 5.a(1) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

> (1)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings).  The designating party must affix the words "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" to each page that contains Confidential Information.  If only a portion or portions of the material on a page qualifies for

protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(2)     Electronic Information Not Amenable to Marking Document:  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  The media on which the Confidential Information is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" unless and until the protection of the data within the media is removed.  Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

(3)     Testimony given in deposition or in other pretrial or trial proceedings:  The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 30 days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during

the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.  After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "CONFIDENTIAL PURSUANT TO PROCTECTIVE ORDER."  If the deposition was filmed, both the recording storage medium (*i.e.*, CD or DVD) and its container shall be labeled "CONFIDENTIAL PURSUANT TO PROCTECTIVE ORDER."  For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following:  "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER".

(4)     Other tangible items:  The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

c.      Inadvertent Failures to Designate.  If a party inadvertently fails to designate material as Confidential Information at the time of production, it shall take reasonable steps to notify all receiving persons of its failure within five business days of discovery. The producing party shall promptly supply all receiving persons with new copies of any documents bearing corrected confidentiality designations, and the receiving party shall destroy the original materials, and certify in writing to the producing party that such information has been destroyed.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a. Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

c. Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion to withdraw confidentiality under Local Civil Rule 37.1. The burden of persuasion in any such motion shall be on the designating party. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," that party must:

      a.      promptly notify the designating party in writing and include a copy of the subpoena or court order;

      b.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and provide a copy of this Order with that notification;

      c.      cooperate with respect to all reasonable procedures sought to be pursued by the designating party or parties whose Confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity, or organization who receives Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

**8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, a producing party has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately:

      a.      notify in writing the designating party of the unauthorized disclosure(s);

      b.      use best efforts to retrieve all unauthorized copies of the protected material;

      c.      inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

      d.      request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is private or confidential, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or order that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Federal Rule of Evidence 502.

**10.    TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving Party shall destroy all Confidential Information obtained from another party in its possession, custody, or control. The parties shall agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Confidential Information, provided that such material is and remains clearly marked to reflect that it contains Confidential Information, and such counsel maintain the confidential nature of the discovery, as set forth in this Order. Notwithstanding the foregoing, nothing in this Order shall be construed to supersede any party's independent obligation to maintain records in accordance with the Federal Records Act or other statutory or regulatory record-keeping requirements. The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**11.   MISCELLANEOUS**

a.   Enforceability Upon Signing.  By signing the Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

b.   Right to Further Relief.  Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

c.   Right to Assert Other Objections.  By stipulating to entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

d.   Effect of Order.  This Order shall constitute a court order authorizing disclosure of information designated as confidential, subject to the protections described herein, for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11) (authorizing disclosure pursuant to the order of a court of competent jurisdiction) and any other state or federal statute or regulation that provides for disclosure pursuant to court order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of June 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the stipulated Protective Order that was issued by the United States District Court for the Southern District of Florida in the case of *United States v. Lazaro Prat*, No. 21-cv-20547-Gayles/Torres, and I agree to comply with and to be bound by all the terms of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishments in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [type or print full name] of _____ [type or print full address and telephone number] as my Florida agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____